UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

David Despot,
    Plaintiff,

v.

American Income Life
Insurance Company, *et al.*,
    Defendants.

Case No. 1:10-cv-932
Beckwith, J.
Litkovitz, M.J.

**ORDER**

    This matter is before the Court on plaintiff's motion to compel (Doc. 18) and defendants' response in opposition. (Doc. 19). Plaintiff's motion fails to comport with the requirements of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Southern District of Ohio, which were explained in District Judge Beckwith's April 14, 2011 scheduling order. (Doc. 12). Accordingly, plaintiff's motion is denied.

    Motions to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Further, S.D. Ohio Civ. R. 37.1 and 37.2 govern the process of seeking discovery in civil matters in this District. These rules provide that motions to compel, such as the instant motion, "shall not be filed in this Court . . . unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences." S.D. Ohio Civ. R. 37.1. The rule further notifies litigants that in lieu of immediately filing a motion to compel, they "may first seek an informal telephone conference with the judicial officer assigned to supervise discovery in the case." *Id.* Should a motion to compel be filed, Local Rule 37.2 provides that such motions "*shall* be accompanied by a supporting memorandum and by a certification of counsel setting forth the extrajudicial means

which have been attempted to resolve differences." S.D. Ohio Civ. R. 37.2. Moreover, the scheduling order governing discovery in this matter provides that motions to compel "that do not comply with S.D. Ohio Rules 37.1 and 37.2 will not be accepted" and that "[a]ttorney's fees will normally be assessed against the losing party pursuant to Fed. R. Civ. P. 37." (Doc. 12, p. 3).

Plaintiff's motion to compel does not include the requisite certification setting forth the extrajudicial means plaintiff utilized to attempt to resolve the instant discovery dispute. *See* Doc. 18. Further, plaintiff has presented no information from which this Court can surmise that plaintiff made a good faith attempt to obtain the discovery prior to seeking Court intervention as required by Fed. R. Civ. P. 37(a)(1). Plaintiff's status as a pro se litigant does not discharge him from adhering to the requirements of the Federal Rules of Civil Procedure nor the Local Rules for this District. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) (noting that pro se litigants may receive some leniency with regard to procedural rules, particularly where a procedural error could be fatal or where the litigant is incarcerated, but emphasizing that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). For these reasons, plaintiff's motion to compel (Doc. 18) is **DENIED**.

Defendants seek an award of legal fees pursuant to Fed. R. Civ. P. 37 in conjunction with the denial of plaintiff's motion to compel. (Doc. 19 at 9). Rule 37 provides in relevant part:

> If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, *after giving an opportunity to be heard*, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B) (emphasis added).

Plaintiff is granted **twenty (20) days** from the date of this Order to file a response to

2

defendants' request for an award of attorney fees in this matter.

**IT IS SO ORDERED.**

3/8/2012
Date

Karen L. Litkovitz
United States Magistrate Judge

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☒ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>David Despot<br>5584 Harbor Watch Way<br>Unit 202<br>Mason, OH 45040 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes | |
| 2. Article Number<br>(Transfer from service label) | 7003 2260 0002 6723 4576 | |

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540