UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID DESPOT,
    Plaintiff,

vs.

AMERICAN INCOME LIFE
INSURANCE COMPANY, et al.,
    Defendants.

Case No. 1:10-cv-932
Black, J.
Litkovitz, M.J.

ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court on plaintiff David Despot's Rule 60(b) motion for reconsideration of the District Judge's order granting defendants' motion for summary judgment and dismissing his complaint with prejudice (Doc. 43). Defendants have filed a memorandum in opposition to plaintiff's motion. (Doc. 52).

**I. Factual Background**

Defendants employed plaintiff as a Regional Director of Sales from August 2007 through October 30, 2009. (Doc. 36 at 1). Proceeding pro se, plaintiff initiated a lawsuit against defendants on December 27, 2010, alleging that he was subjected to an offensive, intimidating, and hostile work environment; that his acceptance of this environment became a term and condition of his employment; and that this situation amounted to sexual discrimination. (*Id.* at 4). Plaintiff alleged that defendants retaliated against him and harassed him for making complaints, threatened him, and made false statements about him to Ohio unemployment compensation personnel. (*Id.*). Plaintiff further alleged that defendants retaliated against him for complaining of a sexually inappropriate comment made to his wife at an American Income Life Insurance Company sales convention in May 2009. (*Id.*).

On March 30, 2012, defendants moved for summary judgment. (Doc. 26). Although plaintiff filed a response in opposition to defendants' motion for summary judgment, Senior U.S.

District Judge Sandra Beckwith noted that plaintiff failed to come forward with admissible evidence to raise a genuine factual dispute and therefore granted defendants' motion for summary judgment on July 30, 2012. (Doc. 36 at 9, 23). Plaintiff subsequently appealed, and the Sixth Circuit Court of Appeals affirmed the District Court's order on July 2, 2013. (Doc. 41).

On November 9, 2018, plaintiff filed the present motion for reconsideration. (Doc. 43).[1] Plaintiff moves for reconsideration of the Court's July 30, 2012 order under Fed. R. Civ. P. 60(b).[2] (*Id.* at 13-19). Plaintiff argues that he has shown "extraordinary circumstances" and is entitled to relief from the District Court's July 30, 2012 order under Rule 60(b)(6), which grants courts discretion to relieve a party from a final judgment or order. (*Id.* at 16). Plaintiff argues that the court abused its discretion by failing to consider relevant facts and by being biased towards him as a pro se plaintiff. (*Id.* at 16-17). Plaintiff states that "there were and still are clearly genuine issues of material fact," and the Court failed to consider evidence in the light most favorable to him. (*Id.* at 17-18). Plaintiff also requests appointment of counsel. (*Id.* at 19).

In response, defendants argue plaintiff's motion for reconsideration under Fed. R. Civ. P. 60(b) is untimely under Fed. R. Civ. P. 60(c)(1). (Doc. 52 at 5). Defendants also argue that plaintiff's motion under Rule 60(b) is not supported by sufficient evidence. (*Id.* at 6).

## II. Resolution

Under Rule 60(b), a court may relieve a party from a final judgment or order for the following reasons:

1) mistake, inadvertence, surprise, or excusable neglect;

---

[1] On November 13, 2018, this case was reassigned to District Judge Timothy Black. (Doc. 44).
[2] Plaintiff also purports to bring this motion under Rule 60(a). (Doc. 43 at 9). However, plaintiff advances no argument that the Court made a "clerical mistake or mistake arising from oversight or omission" in its July 30, 2012 order, as required under the rule. *See* Fed. R. Civ. P. 60(a). Therefore, the Court declines to address whether relief from judgment is warranted under Rule 60(a).

2

2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

4) the judgment is void;

5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). As a general rule, motions for reconsideration are not favored unless the movant demonstrates: "(1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority." *Meekison v. Ohio Dept. of Rehab. and Corr.*, 181 F.R.D. 571, 572 (S.D. Ohio 1998) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). In addition, a motion under Rule 60(b) must be made "within a reasonable time," and no more than one year after the entry of the judgment or order for reasons (1), (2), and (3). Fed. R. Civ. P. 60(c)(1).

Plaintiff primarily argues that he is entitled to relief from judgment pursuant to Rule 60(b)(6), a subsection that applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir. 1989). Plaintiff attaches several documents to his motion, including an affidavit and declaration from his former wife describing the alleged incident of sexual harassment at the May 2009 sales convention. (Doc. 43-1 at 1-4). Both of these documents were executed on October 23, 2018 and therefore post-date the Court's July 30, 2012 order granting defendants' motion for summary judgment. (*Id.*).

3

Plaintiff has not alleged any facts to justify granting extraordinary relief under Fed. R. Civ. P. 60(b)(6). To the extent plaintiff offers the affidavit and declaration as "newly discovered evidence" under Rule 60(b)(2), plaintiff has not demonstrated that these documents were previously unavailable. *See Ne. Ohio Coal. for Homeless v. Brunner*, 652 F. Supp. 2d 871, 881 (S.D. Ohio 2009) (newly discovered evidence for purposes of a motion for reconsideration must have been previously unavailable). Plaintiff was given notice on April 6, 2012 that defendants filed a motion for summary judgment and that any response in opposition may not rest upon the allegations in the complaint. (Doc. 32). The notice specifically stated: "[y]ou have the right to file affidavits setting forth specific facts showing that there is a genuine issue for trial." (*Id.*). Despite this notice, plaintiff failed to proffer any evidence supporting his claim. (Doc. 36 at 9). Plaintiff's attempt to submit evidence six years after the case was dismissed is unavailing, even in light of his pro se status. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (the Supreme Court has "never suggested procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

In addition, as defendants argue in their opposition brief, plaintiff's Rule 60 motion is untimely. While the one-year time limit only applies to motions under Rule 60(b)(1)-(3), all motions under Rule 60(b) must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). The Sixth Circuit has indicated that this time frame is not unlimited. *See Blachy v. Butcher*, 129 F. App'x 173, 179 (6th Cir. 2005) (citing *Ohio Cas. Ins. Co. v. Pulliam*, No. 96-6522, 1999 WL 455336, at *2 (6th Cir. June 23, 1999) ("[A] motion filed pursuant to Rule 60(b)(4) and (6) is untimely where more than three years have passed.")). Whether a motion under Rule 60(b) has been filed "within a reasonable time" depends on the facts of the case, including the length of the delay, the circumstances of the delay, the prejudice to the opposing party by reason of the delay,

4

and the circumstances compelling equitable relief. *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). Here, plaintiff waited over five years after his appeal was denied before filing the instant motion for reconsideration under Rule 60(b).

In addition, plaintiff's assertions that the Court failed to consider the evidence in the light most favorable to him and was biased against him as a pro se litigant are not reasons to grant him relief from judgment. Rather, these were issues within his own personal knowledge at the time the District Court granted summary judgment against him and should have been raised on appeal to the Sixth Circuit. His belated attempt to raise these issues now is unavailing.

Plaintiff has failed to demonstrate valid grounds for reconsideration of the Court's July 30, 2012 order granting defendants' motion for summary judgment. Therefore, his request for appointment of counsel is **DENIED** as **MOOT**. Accordingly, it is **RECOMMENDED** that plaintiff's motion for reconsideration (Doc. 43) be **DENIED**.

Date: 7/15/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID DESPOT,
    Plaintiff,

vs.

AMERICAN INCOME LIFE
INSURANCE COMPANY, et al.,
    Defendant.

Case No: 1:10-cv-932
Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).