# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| DAVID DESPOT, : | Case No. 1:10-cv-932 |
|    Plaintiff, : | |
| : | District Judge Timothy S. Black |
| vs. : | Magistrate Judge Karen L. Litkovitz |
| : | |
| AMERICAN INCOME LIFE : | |
| INSURANCE COMPANY, *et al.*, : | |
| : | |
|    Defendants. : | |

## ORDER ADOPTING THE
## REPORT AND RECOMMENDATION

This civil case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz. Pursuant to such reference, the Magistrate Judge reviewed the relevant pleading and, on July 15, 2019, submitted a Report and Recommendation (Doc. 55), recommending that Plaintiff's motion for reconsideration and relief from judgment (Doc. 43) be denied. The Report and Recommendation further DENIES as moot Plaintiff's request for appointment of counsel. (Doc. 55). Plaintiff filed objections to the Report and Recommendation on July 24, 2019 (Doc. 56) and Defendants filed a response in opposition to the objections on August 6, 2019 (Doc. 57).

Here, Plaintiff's 2010 civil case was dismissed on July 30, 2012, after Senior District Judge Sandra Beckwith granted Defendants' motion for summary judgment. (Doc. 36). Plaintiff appealed the decision (Doc. 38) and, on July 3, 2013, the Sixth Circuit affirmed the district court's decision (Doc. 41). Plaintiff's current motion for

reconsideration was filed on November 9, 2018—six and a half years after the dismissal of his case and five and half years after the conclusion of his appeal. (Doc. 43). The Report and Recommendation thoroughly sets forth a basis for denial of Plaintiff's motion.

Specifically, the Report and Recommendation notes that Plaintiff's motion fails to assert any clerical errors warranting correction under Fed. R. Civ. P. 60(a). (Doc. 55 at n.2). Additionally, the motion is untimely and further fails to assert any newly discovered evidence or other extraordinary circumstances warranting relief under Rule 60(b). (*Id*. at 3-5).

Although Plaintiff filed objections to the recommendations, the objections amount to general disagreements with the Report and Recommendation, as well as with the outcome of his 2010 civil case. (Doc. 56).[1] Moreover, Plaintiff's objections often <u>undermine</u> his request for relief. (*Id*.) For instance, in response to the Magistrate Judge's

---

[1] Substantively, Plaintiff fails to provide "<u>specific</u> written objections" to the Report and Recommendation. Fed. R. Civ. P. 72(b)(2) (emphasis added). "The filing of objections provides the district court with the opportunity to consider the *specific* contentions of the parties and to correct any errors immediately." *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) (emphasis added). "A party's objections are not sufficiently specific if they merely restate the claims made in the initial petition, 'disput[e] the correctness' of a report and recommendation without specifying the findings purportedly in error, or simply 'object[ ] to the report and recommendation and refer[ ] to several of the issues in the case.'" *Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). In other words, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). Here, Plaintiff takes general issue with the finding that he is not entitled, at this late date and with no new evidence or compelling circumstances, to relitigate his dismissed <u>and affirmed</u> 2010 civil action. Such general contentions are insufficient to articulate a specific objection. Moreover, upon *de novo* review, the Court finds that the Magistrate Judge's recommendations are thorough and accurate, and, accordingly, **Plaintiff's objections are overruled**.

determination that there is no assertion of new evidence, Plaintiff argues that the affidavit he now provides (six and a half years too late) contains information known to him all along and previously asserted before the district and appellate court. (*Id.*, Objs. 2, 4, 5).

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court determines that the Report and Recommendation (Doc. 55) should be, and is hereby, adopted in its entirety. Accordingly:

1. Plaintiff's objections to the Report and Recommendation (Doc. 56) are **OVERRULED**;

2. The Report and Recommendation (Doc. 55) is **ADOPTED**;

3. Plaintiff's motion for reconsideration/relief from judgment (Doc. 43) is **DENIED**;

4. Because reasonable jurists would not debate the Court's conclusions, the Court **DENIES** issuance of a certificate of appealability, pursuant to 28 U.S.C. § 2254; and

5. Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this Order would not be taken in good faith and, therefore, this Court **DENIES** Petitioner leave to appeal *in forma pauperis*.

**IT IS SO ORDERED.**

Date: 8/27/2019                                       *s/ Timothy S. Black*
                                                     Timothy S. Black
                                                     United States District Judge

3